Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/20/2020 12:08 AM CDT

- 108 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. GALTER
Cite as 305 Neb. 108

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Paul E. Galter, respondent.
___ N.W.2d ___

Filed February 21, 2020.    No. S-20-057.

Original action. Judgment of disbarment.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Paul E. Galter, on January 23, 2020. The court accepts respondent's voluntary surrender of his license and enters a judgment of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the State of Nebraska on June 18, 1953. On January 23, 2020, respondent filed a voluntary surrender of license to practice law, in which he stated that a grievance was filed against him with the Counsel for Discipline. Respondent states that a grievance was filed by Kansas attorneys, Jason E. Brinegar and Coleman J. Younger, which alleged that respondent, as trustee of the Edwin Irvine Testamentary Trust, misappropriated funds from said trust during 2018 and 2019 in the approximate amount of $37,000. Respondent states that he knowingly does not contest the truth of the allegations set forth in the grievance.

- 109 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. GALTER
Cite as 305 Neb. 108

Respondent stated that he freely and voluntarily surrenders his privilege to practice law in the State of Nebraska; waives his right to notice, appearance, or hearing prior to the entry of an order of disbarment; and consents to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
>
> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations that could be made against him as trustee of the Edwin Irvine Testamentary Trust. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent has stated that he freely, knowingly, and voluntarily admits that he does not contest the allegations being made against him. The court accepts respondent's voluntary surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with

- 110 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. GALTER
Cite as 305 Neb. 108

all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2019) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.